[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15583; 13-10161
Non-Argument Calendar
_____

D.C. Docket Nos. 0:08-cr-60065-WPD-5, 0:08-cr-60070-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID BERRY,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(September 19, 2013)

Before DUBINA, HULL and BLACK, Circuit Judges.

PER CURIAM:

In this consolidated appeal,[1] David A. Berry argues his 18-month sentence stemming from violations of his supervised release is substantively unreasonable. Berry claims the severity of his sentence does not promote rehabilitation and does not achieve the goals of sentencing outlined in 18 U.S.C. § 3553(a). After review,[2] we affirm the district court's sentence.

A sentence is substantively unreasonable if, considering the totality of the circumstances, the court weighed the § 3553(a) factors unreasonably and imposed a sentence that did not achieve the purposes of sentencing outlined in § 3553(a). *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). The party challenging the sentence bears the burden of proving the sentence enforced was unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Berry argues that the district court failed to adequately consider the nature and circumstances of the offense as well as the history and characteristics of the defendant when imposing his sentence. *See* 18 U.S.C. § 3553(a)(1). Berry's violations resulted in a Sentencing Guidelines range of 12-18 months with a statutory maximum of 24 months. Sentences within the applicable Guidelines range are ordinarily considered reasonable. *Talley*, 431 F.3d at 788. Further, a

---

[1] Berry pled guilty to one count from two separate indictments. Those separate cases are now consolidated into this appeal.

[2] We review a district court's revocation of supervised release for abuse of discretion; we review the sentence imposed following the revocation of supervised release for reasonableness. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008).

2

district judge is not required to discuss all of the § 3553(a) factors when imposing a sentence. *Id.* at 786. Nevertheless, at Berry's sentencing hearing, the district judge explicitly stated that Berry's family situation and cooperation with law enforcement were the primary reasons the statutory maximum sentence was not imposed. The record shows the district court was aware of the § 3553(a) factors and considered Berry's "characteristics" in fashioning his sentence. Moreover, nothing in the record intimates that the sentence was anything but reasonable. Berry has failed to meet his burden of proof. Accordingly, we affirm Berry's sentence.

**AFFIRMED.**